WILLIAM B. DIFEDERICO *v.* FRANCIS R. MCNAMARA
ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued April 3—decision released May 27, 1980

*Richard P. Gilardi,* with whom, on the brief, was *Michael L. Shapiro,* for the appellants (defendants).

*Beverly J. Hodgson,* for the appellee (plaintiff).

PER CURIAM.   The plaintiff, a police lieutenant with the police department of the town of Stratford, brought suit to invalidate an oral examination given to establish a promotion list for the rank of police captain.   The trial court declared the examination null and void on the ground that the defendants failed to comply with certain regulations requiring the use of written examinations.   From that judgment, the defendants have appealed claiming that the court erred in concluding that the police manual of the town constituted the appropriate regulations which governed promotions in the police department.

In the complaint the plaintiff specifically alleged that the police department had enacted regulations requiring the administration of written examinations in making departmental promotions.   In their superseded answer, the defendants admitted this allegation.   The court was entitled to take judicial notice of the superseded pleading; *Connecticut Bank & Trust Co.* v. *Rivkin,* 150 Conn. 618, 622, 192 A.2d 539 (1963) ; and treat it as an evidential admission. Tait & LaPlante, Handbook of Connecticut Evidence § 6.7, p. 76.

Moreover, in answer to a motion for disclosure and production of copies of ordinances, charter provisions, or police department regulations regarding police promotions, the defendants provided a copy of the police manual which recited that it was approved by the town council, the town manager and the chief of police. The manual was subsequently admitted into evidence by the stipulation of the parties. Section 18(4) of the police manual requires that "[a]ll persons eligible to compete for any promotion shall be given promotional examinations consisting of written tests, service ratings, credits for seniority, and oral interview." In addition, the police chief testified that the police manual constitutes the set of regulations governing internal police procedures.

The above pleadings, stipulations and testimony amply support the court's determination that § 18(4) of the police manual constitutes the relevant regulation of the town with respect to police promotion. Regulations are presumed to be valid; *Grubbs* v. *Butz,* 514 F.2d 1323 (D.C. Cir. 1975); and, absent a showing that they are inconsistent with the statutes, they have the force and effect of statute. *Fusco-Amatruda Co.* v. *Tax Commissioner,* 168 Conn. 597, 603–605, 362 A.2d 847 (1975).

There is no error.