THERESA CARRUTHERS *v.* ROCCO VUMBACCO ET AL.
(3153)

HULL, SPALLONE and DALY, Js.

Argued April 2—decision released May 28, 1985

*Pasquale Young,* for the appellant (plaintiff).

*Richard R. Brown,* for the appellees (defendants).

DALY, J. The plaintiff is seeking a writ of mandamus[1] to reinstate her to the position of permanent planning aid to the defendant Wallingford planning and zoning commission (commission) from which position she was discharged by the defendant mayor of Wallingford, Rocco Vumbacco (mayor). Her appeal to the defendant Wallingford personnel and pension appeals board (board) was unsuccessful. The plaintiff then instituted this action for mandamus. From the trial court's judgment in favor of the defendants, the plaintiff has taken this appeal.

The trial court found the following factual situation: The plaintiff was hired as a part-time clerk-typist for the commission in 1968. In 1971, she was promoted to a full-time position as a clerk-typist. In 1972, she was promoted to secretary of the commission and became a permanent and classified employee of the town of Wallingford. In 1981, she was appointed as a temporary planning aid for the commission and, on September 4, 1981, was classified as a permanent aid.

On June 15, 1983, the plaintiff received a letter from the mayor advising her that she was dismissed from that position, effective June 16, 1983, pursuant to Rule

---

[1] A temporary order of mandamus was originally sought, but the parties have been treating it as a permanent order. As a temporary mandamus, it would not qualify as a final judgment. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 389, 488 A.2d 444 (1985). The parties have bifurcated the issues so that the only one involved in this appeal deals with the authority of the mayor to discharge the petitioner without being concerned with the merits of the discharge.

XII of the Personnel Rules and Regulations.[2] The plaintiff appealed to the board, which sustained the action of the mayor.

The plaintiff claims to have exhausted her administrative remedies, and initiated this action seeking her reinstatement.[3] She claims that the mayor's authority under chapter V, § 3 of the Wallingford charter[4] does not extend to employees of the commission and that the commission is her appointing authority under Rule II of the Personnel Rules and Regulations.[5] The trial court held that the charter did not place commissions in the same category of exceptions to the appointing authority of the mayor as boards. Hence, the mayor as the plaintiff's appointing authority had the right to dismiss her.

The sole issue before us is whether the mayor is the plaintiff's appointing authority. This hinges on whether a "commission" is synonymous with "board" under the Wallingford charter.

It is well settled that a city's charter is the fountainhead of municipal powers. The charter, serving as an enabling act, both creates power and prescribes the

[2] Rule XII, § 2 of the Wallingford Personnel Rules and Regulations provides: "Permanent employees in the classified service may be dismissed from employment by an appointing authority when he shall determine such dismissal necessary to the best interests of the service or the effective performance of department responsibilities."

[3] The exhaustion of administrative remedies issue has not been raised since the parties felt it is questionable whether an appeal lies from action of the board.

[4] Chapter V, § 3 of the Wallingford charter provides: "The mayor shall appoint all department heads and other officers and employees of the town, except as otherwise specifically provided by this charter and except employees in the offices of elected officers or boards and officers and boards appointed by the council."

[5] Rule II of the Wallingford Personnel Rules and Regulations provides: "the Appointing Authority shall be the *commission,* board, department head or official authorized by statute, charter or regulation, to appoint employees of the Town of Wallingford." (Emphasis added.)

form in which it must be exercised. Thus, it follows that agents of a city, including its commissions, have no source of authority beyond the charter. The express language in which authority is given or by implication necessary to enable them to perform some duty cast upon them by express language is what limits and measures their authority. *Perretta* v. *New Britain,* 185 Conn. 88, 92–93, 440 A.2d 823 (1981). The intent of a statute is to be determined from its language where the language is plain and unambiguous. The enactment, in such a case, speaks for itself and there is no occasion to construe it. *State* v. *Springer,* 149 Conn. 244, 248, 178 A.2d 525 (1962). The commonly approved meaning is to be given to the words used in expressing the legislative intent. General Statutes § 1-1. *State* v. *Springer,* supra. "Every word in a legislative enactment is presumed to have meaning." *State* v. *Freedom of Information Commission,* 184 Conn. 102, 107, 441 A.2d 53 (1981). "Regulations are presumed to be valid; *Grubbs* v. *Butz,* 514 F.2d 1323 (D.C. Cir. 1975); and, absent a showing that they are inconsistent with the statutes, they have the force and effect of statute." *DiFederico* v. *McNamara,* 181 Conn. 54, 56, 434 A.2d 320 (1980).

It must be presumed that the town council had a purpose for every sentence, clause or phrase in its regulation. "A regulation ought to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant." *J & M Realty Co.* v. *Norwalk,* 156 Conn. 185, 192, 239 A.2d 534 (1968). That the Wallingford town charter recognizes a distinction between "commissions" and "boards" is manifested throughout the charter. Several instances follow. Chapter I, § 2 provides, in part: "If any contract has . . . with reference to the same upon any such *commission, board,* department or officer shall . . . . " (Emphasis added.) Chapter III, § 5 provides,

in part: "The council shall have the power and duties which . . . were conferred by law upon *boards,* officers and *commissions* of said town . . . ." (Emphasis added.) Additionally, Rule II, § 1 of the Personnel Rules and Regulations provides, in part: "For purposes of these rules and actions . . . the Appointing Authority shall be the *commission, board,* department head or official authorized by statutes, charter or regulation to appoint employees of the Town of Wallingford." (Emphasis added.)

Mandamus and mandatory injunction are both extraordinary remedies. Relief by way of mandatory injunction is granted in the sound discretion of the court and only under compelling circumstances. *Monroe* v. *Middlebury Conservation Commission,* 187 Conn. 476, 480, 447 A.2d 1 (1982). It is well settled in this jurisdiction "that a writ of mandamus may issue only when three conditions exist: (1) The law imposes a duty—the performance of which is mandatory and not discretionary—on the party against whom the writ is sought; (2) the party applying for the writ has a clear legal right to have the duty performed; (3) there is no other adequate remedy." *Chamber of Commerce of Greater Waterbury, Inc.* v. *Murphy,* 179 Conn. 712, 717, 427 A.2d 866 (1980).

We agree with the trial court that the plaintiff has failed to sustain her burden of proof that she has a clear legal right to the remedy.

There is no error.

In this opinion the other judges concurred.