CLYDE HAGGERTY *v.* CHESTER PARNIEWSKI ET AL.
(4598)

ANTHONY BREDICE *v.* RONALD W. OWENS ET AL.
(4599)

DUPONT, C. J., HULL and DALY, Js.

Argued February 10—decision released May 19, 1987

*Raymond Ganim* and *Thomas J. Rosati,* for the appellants (plaintiffs).

*Richard P. Gilardi* and *Salvatore C. DePiano,* for the appellees (defendants).

DALY, J. The plaintiffs in these combined appeals are police lieutenants who were unsuccessful candidates for promotion to the position of police captain in the town of Stratford. Each sought to void the same promotional examination conducted in June, 1985. Further, the plaintiff Anthony Bredice sought to enjoin Ronald W. Owens, the town manager of Stratford, and the plaintiff Clyde Haggerty sought to enjoin Chester Parniewski, the police chief of Stratford, from filling such positions. The remaining defendants are the four candidates who passed the examination. The plaintiffs claim the trial court abused its discretion when it denied their claims for injunctive relief. We disagree.

In 1976, an examination to establish an eligibility list for the position of police captain was conducted by the town of Stratford. This examination was rendered invalid by our Supreme Court in *DiFederico* v. *McNamara,* 181 Conn. 54, 434 A.2d 320 (1980). After the Supreme Court action, a vacancy existed for the position for approximately nine months. After that time lapse, the town ceased appropriating budget money to fund the position.

In May, 1985, the town of Stratford announced that an examination to establish an eligibility list for the position of police captain would be held on June 10 and June 13, 1985. There were eight candidates. The plaintiffs are among the four unsuccessful candidates.

Fifty percent of the promotional examination's weight consisted of a written examination, and 50 percent consisted of an oral examination, both of which were totaled on a numerical scale. Prior to either the

written or the oral examination, a service rating was given to all candidates on a pass-fail basis.[1] All eight candidates passed the service rating portion. A passing grade on the examination as a whole consisted of a combined written and oral score of 70 percent, and a passing grade on the service rating portion.

"A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are conditions precedent to the granting of an injunction. . . . These elements are so crucial that a party's failure to allege and prove them is sufficient ground for sustaining the refusal to grant an injunction . . . ." (Citations omitted.) *Hartford* v. *American Arbitration Assn.*, 174 Conn. 472, 476, 391 A.2d 137 (1978).

"A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." *Waterbury* v. *Commission on Human Rights & Opportunities,* 160 Conn. 226, 230, 278 A.2d 771 (1971). We conclude that the court's ruling in each of these cases was not an abuse of its discretion or otherwise erroneous in law.

Bredice, relying on a collective bargaining agreement entered into by the police union and the town, and in effect from July 1, 1980, to June 30, 1983, contended that after the 1976 examination which he had passed was declared invalid by the Supreme Court, the delay in conducting a subsequent examination enabled candidates who had been ineligible to compete in 1976 to become eligible to participate in the 1985 examination. Bredice failed to plead and prove irreparable harm or

[1] Testimony at trial indicated that the "service rating" was made on the basis of interviews conducted by the chief and deputy chief of police of candidates to determine their administrative skills.

lack of an adequate remedy at law both of which are necessary prerequisites to injunctive relief.

The trial court's denial of injunctive relief to Bredice was based on its finding that "the Promotional Examination was properly administered and conducted" and was not invalid. The trial court similarly denied Haggerty's request on the basis of its finding that the procedure used to grade the service rating portion of the examination did not violate the regulations delineated in the police manual.

Bredice argued that because article XXVIII, § 8, of the collective bargaining agreement of 1980 provided in part that "[p]romotional lists shall exist at all times for all ranks," the town should have conducted a new examination after the *DiFederico* v. *McNamara* decision in order to have an eligibility list "at all times." He further argues that such a promotional examination should have been limited to only those who were eligible to take it in 1976.

Bredice did nothing until the results of the 1985 examination were announced and he learned that he had not passed. The defendants maintained that Bredice was guilty of laches. Bredice, on the other hand, argued that his action is one on the contract, i.e., the collective bargaining agreement, and is, therefore, subject to a six year statute of limitations.

Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendants. *Bozzi* v. *Bozzi,* 177 Conn. 232, 239, 413 A.2d 834 (1979). A mere lapse of time does not constitute laches unless it results in prejudice to the defendants. Such prejudice results if the defendants are led to change their position with respect to the matter in question. *Nauss* v. *Pinkes,* 2 Conn. App. 400, 411, 480 A.2d 568, cert. denied, 194 Conn. 808, 483 A.2d 612 (1984). Whether

a plaintiff is guilty of laches is a question of fact for the trier and not one to be answered by this court unless the subordinate facts found make such conclusion inevitable as a matter of law. *Papcun* v. *Papcun,* 181 Conn. 618, 621, 436 A.2d 282 (1980). The trial court in this case found that the failure of Bredice to file suit in a timely manner resulted in prejudice to the defendants. The later successful candidates spent time and effort in studying for the examination, and the town expended time and effort in preparing and administering the examination.

Bredice's claim, that the statute of limitations for an action on the contract has not run, is without merit as applied to the facts of this case. Generally, the proper procedure for asserting a claim on a collective bargaining agreement is through the grievance procedure embodied in the agreement. See generally *Wolf* v. *Gould,* 10 Conn. App. 292, 522 A.2d 1240 (1987). We note, however, that such promotional examinations and lists are not subject to collective bargaining. See *D'Agostino* v. *New Britain,* 7 Conn. App. 105, 507 A.2d 1042, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986); *Local 773* v. *Bristol,* 39 Conn. Sup. 1, 5, 463 A.2d 628 (1983); see also General Statutes § 7-474 (g). Thus, this argument is self-defeating. Bredice cannot rely on the contract (the collective bargaining agreement) because the examination he challenges is not covered by it. Since the examination is not covered by the contract, Bredice cannot avail himself of the contract statute of limitations.

Bredice relies heavily on *Walker* v. *Jankura,* 162 Conn. 482, 294 A.2d 536 (1972). In that case, a police promotional examination was challenged. Our Supreme Court upheld the trial court's conclusion that the examination was invalid because it was administered in contravention of the specific timing requirements of the city charter, and in violation of the applicable civil ser-

vice commission rules which required an examination and promotional list to be compiled within 120 days. In addition, in *Walker* v. *Jankura,* supra, 488–89, the trial court found and the Supreme Court agreed that the delay was arbitrary. Finally, the court disapproved of the city's use of increased length of employment requirements in qualifying to take the examination. For all of these reasons, the Supreme Court determined that the trial court had not abused its discretion in ordering that the new examination be open only to candidates who were eligible to take the examination on the original test date.

. In the present case, the delay was not arbitrary but was tied directly to the lack of funding for the position. In addition, the standards for passing the examination and the prerequisites to taking the examination were not changed. Thus, *Walker* v. *Jankura,* supra, is not controlling. Bredice has failed to sustain his burden of proving that the trial court abused its discretion.

Haggerty did not achieve a combined score of 70 percent on the written and oral portions of the examination. Haggerty also relied on the 1980-1983 collective bargaining agreement and maintained that the service ratings portion of the examination should have been graded numerically rather than on a pass-fail system, thereby increasing his overall score.

Haggerty claimed that § 18 (4) of the Stratford police manual, which provides that "all persons eligible to compete for any promotion shall be given promotional examinations consisting of written tests, service ratings, credits for seniority, and oral interview," required the entire examination to be graded numerically. This section of the manual constituted the relevant regulation regarding police promotion. Regulations such as this are presumed valid and, absent a showing that they violate state statutes, they have the force and effect of statutes. *DiFederico* v. *McNamara,* supra, 56.

Haggerty did not dispute that a service rating test was administered but maintained that it should have been numerically graded rather than graded on a pass-fail basis. All the candidates, including Haggerty, passed this segment of the test. The trial court found that numerical grading was not required by any provision in the police manual. The court concluded and we agree that Haggerty failed to demonstrate that the grading of the examination violated § 18 (4) of the manual.

We conclude that the trial court's ruling was not an abuse of discretion or otherwise erroneous in law.

There is no error on either appeal.

In this opinion the other judges concurred.