[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive issue is whether the defendant's first special defense sounding in laches should be stricken for legal insufficiency. Because the defendant has alleged sufficient facts from which each essential element of the defense of laches may reasonably be inferred, plaintiff's motion to strike the special defense is denied.
By complaint filed in this court on September 15, 1988, the plaintiff, Fern Solley, initiated this action against the defendant, Thomas W. Sparkman, seeking recovery of sums allegedly due her as repayment of a loan to the defendant.
In his special defense the defendant charges that the plaintiff's claim is barred by laches.
A motion to strike is the appropriate method by which to challenge the legal sufficiency of a pleading. Conn. Practice Bk. Sec. 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court must take as admitted all well-pleaded facts, and those necessarily implied therefrom, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367, 370 (1986); Amodio v. Cunningham,182 Conn. 80, 82 (1980). Where the facts provable under the allegations of the pleading would support a defense, the motion to strike must fail. Mingachos v. C.B.S., Inc.,196 Conn. 91, 109 (1985); Alarm Applications Co. v. Simsbury Volunteer Fire Co., Inc. 179 Conn. 541, 545 (1980). CT Page 1630
The plaintiff maintains that the defendant's special defense of laches is legally insufficient.
The Connecticut courts have long recognized that laches consists of an inexcusable delay prejudicing a defendant. See Cummings v. Tripp, 204 Conn. 67, 88 (1987); Berin v. Olson, 183 Conn. 337, 344 (1981); Haggerty v. Parniewski,11 Conn. App. 37, 40 (1981). "`Laches in legal significance is not mere delay, but delay that works a disadvantage to another.' 1 Pomeroy, Equity Jurisprudence (5th Ed. Symonds) Sec. 419d." Berin v. Olson, 183 Conn. at 344. A mere lapse of time does not constitute laches unless it results in prejudice to the defendant. Id.; Haggerty v. Parniewski,11 Conn. App. at 40.
The pleadings of the special defense set out sufficient facts from which an unreasonable, inexcusable and prejudicial delay in bringing the action may reasonably be inferred. See Cummings v. Tripp, 204 Conn. at 88.
Accordingly, the plaintiff's motion to strike the first special defense is denied.
SPADA, JUDGE