[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the above matter the plaintiff, a partnership, seeks a temporary and permanent injunction to restrain the CT Page 3660 defendant town from disconnecting the connection of its water line from the water lines maintained by said town. Such disconnection would allegedly prevent the plaintiff from drawing water from the town's water lines through the water lines servicing the property of the plaintiff.
The plaintiff is the owner of a parcel of land known as 315-317 Flanders Road in the Town of East Lyme. The parcel has no road frontage but has a right-of-way over a strip of land adjoining their parcel and running to Flanders Road. The plaintiff has installed water mains on said strip to service a building constructed on the subject parcel.
In an earlier case the plaintiff sought a declaratory judgment as to its rights in the aforesaid strip of land. The servient owners, as well as certain town officials, were named as defendants. (Foster Development v. Talar, et al, Sup. Ct., New London J.D. at New London, Docket No. 512401). At the trial of the aforesaid case the town officials were dropped as parties. The Court in such case rendered judgment for the plaintiff but vacated the judgment for lack of notice to necessary parties.
The defendant town has filed a motion to dissolve the temporary injunction which the Court heard on August 20, 1990. From the evidence offered it appears that the defendant town, relying on the judgment entered in the Talar case, supra, went through certain matters preliminary to connecting water service. Upon the vacating of the judgment, the town notified the plaintiff that water service to its property must be discontinued as of July 13, 1990, and stating that service would be reconsidered when the legal questions are resolved. Thereupon, the plaintiff obtained a temporary injunction enjoining the defendant town from disconnecting "the existing tie-in" to the municipal water system, and to refrain from preventing the plaintiff from obtaining water for their premises, and to refrain from interfering with the plaintiff's use of said premises; i.e., the land subject to the easement.
The evidence at trial established that at the time of the temporary injunction the defendant town had not, in fact, allowed water to flow from its tap at Flanders Road so as to service the plaintiff's building. Further, it was established that Flanders Road is a state highway and approval of the Department of Transportation is required to connect to the water line in Flanders Road. In addition, it was established that the plaintiff had obtained an alternative easement to provide water service, such easement running over a different route. CT Page 3661
Since the Town had not given final approval to allow water to run from Flanders Road to the plaintiff's building, it is clear that the plaintiff is asking the court for relief by way of a mandatory injunction. The issuance of an injunction requires a showing of irreparable injury if such relief is not granted, and that there is no adequate remedy at law, Scoville v. Ronalter, 162 Conn. 67, 74. Relief by way of mandatory injunction is granted in the sound discretion of the court and only under compelling circumstances. Carruthers v. Vumbacco, 4 Conn. App. 168, 172. Although the alternative route may involve the expenditure of money, such cost is not the irreparable harm envisioned by the law.
It is further noted that the evidence showed that the Department of Transportation had withdrawn its approval to connect to the main in the bed of the state highway. Even were the court to order the defendant town to connect its tap to the plaintiff's water lines, no water would flow until the state agency had given its approval. The law does not require the doing of a futile act. Corsino v. Grover, 148 Conn. 299,308.
Finally, the plaintiff has the opportunity to pursue the completion of the Talar case, which as of the date of this trial, was not ready for judgment. A resolution in that case may render this proceeding moot.
For the foregoing reasons the Court declines to exercise the extraordinary powers of injunctive relief. The motion to dissolve the temporary injunction is granted.
Burns, J.