[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE #163
The present matter involves a motion to strike special defenses raised by a junior encumbrancer to the underlying foreclosure action. The following facts are based on the allegations contained in the pleadings. On February 26, 1987, the defendant mortgagor, Concord Steel Corporation of Connecticut (hereinafter "Concord Steel"), executed an open-end mortgage, involving a revolving financing agreement, in the principal amount of $11,533,000.00 in favor of the mortgagee, Shawmut Connecticut Corporation, secured by property located in Middletown, Connecticut (hereinafter "subject property"). On March 2, 1987, the mortgagee recorded its mortgage deed at volume 802, page 023, of the Middletown Land Records. On March 13, 1987, Shawmut Connecticut Corporation assigned all its right, title and interest in and to the mortgage to Shawmut. In May, 1992, Concord Steel defaulted on its obligations to pay the plaintiff according to the terms of the mortgage agreement.
On October 26, 1992, the plaintiff filed the present foreclosure action against Concord Steel on said note. Named as an additional defendant to the present foreclosure action, among several other junior encumbrancers, was Accurate Alloys, Inc. As stated in the plaintiff's amended complaint filed on January 13, 1993:
 The defendant Accurate Alloys, Inc. ("AAI") claims an interest in the [p]roperty by virtue of an CT Page 5407 attachment and judgment lien. Said attachment is dated September 18, 1991[,] and was made in the amount of $17,000.00 in a civil action returnable to the Superior Court for the Judicial District of Middlesex at Middletown on October 8, 1991, wherein [Concord Steel] was the defendant and a certificate thereof was recorded on September 18, 1991 [,] in Volume 960 at Page 707 of the Middletown Land Records. Said judgment lien is dated January 22, 1992[,] and recites that on December 13, 1991, AAI recovered a judgment against [Concord Steel] for the sum of $16,847.08 damages and $249.80 costs of suit therein. Said judgment lien contains a clause referring to and identifying the attachment, and was received for record on January 27, 1992[,] in Volume 968 at Page 429 of the Middletown Land Records.
(Court Records, plaintiff's amended complaint dated January 12, 1993, paragraph 16(E)).
On March 8, 1993, the defendant Accurate filed its answer and three special defenses to the present foreclosure action. In the first special defense, Accurate alleges that the plaintiff failed to avoid interfering with Accurate's security interest in the subject property by having Concord Steel "paydown" a substantial portion of its debt to the plaintiff by disposing of assets including real and personal property of the corporation. In the second special defense, Accurate alleges that the plaintiff breached its duty of good faith which the plaintiff owed to subsequent encumbrancers of the subject property. Lastly, in the third special defense Accurate alleges that the plaintiff's actions constitute a violation of the doctrine of laches.
A motion to strike tests the legal sufficiency of the pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), citing Practice Book 152. "In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the [pleading]. . ." (Citation omitted.) Liljedahl Brothers v. Grigsby, 215 Conn. 345, 348-49, 576 A.2d 149 (1990). The court should construe the challenged allegation in the light most favorable to sustaining the legal sufficiency of the pleading. Bouchard v. Peoples Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991); Cavallo v. Derby Savings Bank, 188 Conn. 281, 283,449 A.2d 986 (1982). "[The motion] admits facts well pleaded; it CT Page 5408 does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
Practice Book 164 provides in part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
"Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, Connecticut Savings Bank v. Reilly, et al, 12 Conn. Sup. 327
(1944); accident, mistake or fraud, Boretz v. Segor,124 Conn. 320, 199 A. 548 (1938); unconscionability, Hamm v. Taylor, 180 Conn. 491, 29 A.2d 946 (1988); abandonment of security [,] Glotzer v. Keyes, 125 Conn. 227, 5 A.2d 1 (1939); and usury, Atlas Realty Corp. v. House, 120 Conn. 661, 183 A. 9
(1936)." Bristol Savings Bank v. Miller, 7 Conn. L. Rptr. 517, 518 (October 19, 1992, Aurigemma, J.).
In the Accurate's first special, the defendant alleges that the plaintiff owed Accurate a duty not to impair the Accurate's security interest in the subject property prior to plaintiff's foreclosure. The Connecticut Supreme Court has recently held that "`[i]n the absence of . . . collusion, or an express agreement, [a senior mortgagee] is under no obligation to see that moneys it advances are employed by the borrower in the manner contemplated by the subordinated purchase money mortgage.'" Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 782, 595 A.2d 334 (1991), quoting First Connecticut Small Business Investment Co. v. Arba, 170 Conn. 168, 177,365 A.2d 100 (1976).
In the present action, Accurate alleges in its first special defense, as well as in the defendant's second and third special defenses incorporated by reference, that:
 4. Upon information and belief, [the plaintiff] had constructive and/or actual knowledge that [Concord Steel] was technically insolvent as of December 31, 1989[;]
 5. . . . [Concord Steel] disposed of assets, including real and personal property and paid dividends after CT Page 5409 becoming insolvent [;]
 6. . . . [Concord Steel] paid down a substantial portion of its debt to [the plaintiff] . . . during its period of insolvency and concurrently with the actions complained of in paragraph 5 above [;]
 7. The actions as set forth above in paragraph 5 and 6 deprived [Concord Steel] of its ability to fulfill its obligations to its creditors, including the defendant. . . [; and]
 8. . . . [The plaintiff] participated in the activities complained of in paragraphs 5 and 6 above with full knowledge that said activities would deprive [Concord Steel] of its ability to fulfill its obligations to its creditors.
The Carriage Lane Associates decision provides that a senior mortgagee has no obligation to a junior encumbrancer to avoid impairing the junior encumbrancer's security interest unless proscribed by express agreement, making the junior encumbrancer a incidental or intended third-party beneficiary, or by evidence of collusion between the senior mortgagee and the mortgagor. Carriage Lane Associates, supra.
In the present foreclosure action, Accurate fails to sufficiently allege facts showing the existence of either an express agreement or collusion.
Accurate's first and second defenses are interrelated and involve a senior mortgagee's obligation to act in good faith in regards to subsequent encumbrancers and their security interest in the mortgaged property. In holding that a senior mortgagee has such an obligation of good faith to a junior mortgagee, the Connecticut Supreme Court relying on case law outside the jurisdiction, stated that:
 [I]n National Bank of Washington v. Equity Investors, 81 Wash.2d 886, 920, 506 P.2d 20 (1973), the court stated that "[o]utside the contract, the major duty which a construction lender owes to any other party is the duty of good faith: though a loan may be inefficiently managed and with adverse consequences, neither inferior lienors nor absolute guarantors CT Page 5410 have any recourse against the lender unless it is alleged and proved that the lender acted in bad faith." See also Rockhill v. United States, 288 Md. 237, 418 A.2d 197 (1980), and cases cited therein; Brooklyn Trust Co. v. Fairfield Gardens, Inc., 260 N.Y. 16, 182 N.E. 231 (1932). The rationale for refusing to impose on a first mortgagee a duty, other than one of good faith, in the absence of an express agreement, "is that it is within the power of the subordinator to refuse to subordinate if the terms of the subordination are not acceptable to him. . . To find the existence of a legal duty where none is expressed in the contract has much the same effect as judicially rewriting the contract for the parties." Rockhill v. United States, supra, 252
Carriage Lane Associates, supra, 782-83.
In the present foreclosure action, Accurate fails to allege sufficient facts to establish that the plaintiff acted in bad faith. Accurate merely alleges that "the acts as set forth [in the first special defense as incorporated by reference in the second and third special defenses] constitute a violation of the duty of good faith which [the plaintiff] owed to the subsequent encumbrancers of [the subject property], including the defendant. . . ."
Accurate's third special defense involves the equitable doctrine of laches. Accurate alleges in its third special defense that "[i]n order to effect the pay-down of its debt. . . [the plaintiff] failed, refused and neglected to timely avail itself of the equitable remedy of foreclosure. . . . The actions complained of hereinabove constitute a violation of the doctrine of laches."
 Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second that delay must have prejudice the defendants. Bozzi v. Bozzi, 177 Conn. 232, 239, 413 A.2d 834
(1979). A mere lapse of time does not constitute laches unless it results in prejudice to the defendants. Such prejudice results if the defendants are led to change their position with respect to the matter in question. Nauss v. Pinkes, 2 Conn. App. 400, 411, 480 A.2d 568, cert. denied, 194 Conn. 808, CT Page 5411 483 A.2d 612 (1984).
Haggerty v. Parniewski, 11 Conn. App. 37 525 A.2d 984 (1987).
As to the first element of the defense of laches, i.e., an inexcusable delay by the plaintiff in bringing the present foreclosure action, Accurate argues that the plaintiff's action for foreclosure had ripen as of December 31, 1989, when the plaintiff had actual or constructive knowledge that Concord Steel was "technically" insolvent. In Accurate's brief in opposition, it argues that the plaintiff delayed commencing the present foreclosure action for over three years in an effort to drain Concord Steel of its assets in a series of preferential transfers from Concord Steel to the plaintiff. There is no Connecticut authority which holds that avoidance powers, similar to that of a federal bankruptcy trustee, can be invoked by a trial court presiding over a State foreclosure action. Accurate fails to allege that the plaintiff received any payments from Concord Steel beyond that which the plaintiff was already entitled to under the mortgage agreement. Accordingly, the court finds that the plaintiff's action ripened upon default by Concord Steel on the mortgage agreement for failing to make any installment payments due as of May, 1992. The court finds that a delay of only five months is bringing the present foreclosure action is neither unreasonable nor inexcusable.
As to the second element of the defense of laches, i.e., whether Accurate was prejudice by the delay, Accurate fails to allege sufficient facts to show that they were prejudice by the plaintiff's actions. It is the court's position that if Accurate is prejudiced at all, it is by Concord Steel's failure to satisfy its debt with Accurate and not by any action taken by the plaintiff.
Therefore, the court grants the plaintiff's motion to strike the defendant's first, second and third special defenses on the ground that the factual allegations of the pleading as pled for each special defense is legally insufficient to support the special defenses.
WALSH, J. CT Page 5412