[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 26, 1993, the plaintiff, a tenured teacher for the Waterbury School System and a high school principal, was arrested and charged with three counts of harassment in the second degree, based on allegations that the plaintiff was harassing several members of the Waterbury Board of Education. On October 29, 1993, the Mayor of Waterbury, acting as ex officio chairman of the board of education, notified the plaintiff by letter that the plaintiff was suspended from his position with pay and without prejudice, until the resolution of the criminal charges. The plaintiff claims that he has an agreement with the Mayor, as evidenced by the above-referenced letter from the Mayor, whereby the board of education will refrain from initiating termination proceedings against him until the plaintiff resolved the criminal charges.
On May 10, 1994, the Waterbury Superintendent of Schools, Roger A. Damerow, notified the plaintiff by letter that the board of education was considering his termination, pursuant to General Statutes § 10-151(d). The plaintiff requested notice of the specific reasons for the proposed termination, also pursuant to General Statutes § 10-151(d), which the board provided to him. The plaintiff also requested a hearing before an impartial hearing panel, as provided by General Statutes § 10-151(d). The plaintiff, however, then refused to participate further in the termination proceedings, claiming that the panel was prematurely convened because of the alleged agreement between the Mayor and the plaintiff that the board would not initiate termination proceedings until after the resolution of the criminal charges.
On July 5, 1994, the plaintiff's criminal charges were CT Page 8706 dismissed, but the State's Attorney's office appealed the dismissal. The plaintiff remains on suspended status and is still receiving his pay.
On July 25, 1994, the plaintiff initiated the present action against, inter alia, the board of education and the Mayor of the City of Waterbury seeking an injunction prohibiting the defendants from proceeding against him with the termination hearing under General Statutes § 10-151. The defendants have filed a motion to dismiss the plaintiff's complaint, on the ground that the court lacks subject matter jurisdiction over the action due to the plaintiff's failure to pursue the administrative remedies afforded by Teacher Tenure Act, General Statutes § 10-151.
A. Motion to Dismiss
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991). If, on the face of the record, the court concludes that it is without jurisdiction, the complaint must be dismissed. Upson v. State, supra.
The defendant argues that the present action is subject to General Statutes § 10-151, the Teacher Tenure Act. As such, the defendant argues that the Superior Court is without jurisdiction to hear the claim, unless on appeal as provided by General Statutes § 10-151(f).
The doctrine of exhaustion of administrative remedies dictates that "where a statutory right of appeal from an administrative decision exists, an aggrieved party may not bypass the statutory procedure and instead bring an independent action to test the very issue the appeal was designed to test." (Citations omitted; internal quotation marks omitted.) LaCroixv. Board of Education, 199 Conn. 70, 73, 505 A.2d 1233 (1986). In Cahill v. Board of Education, 187 Conn. 94, 102-03,444 A.2d 907 (1982), the court noted that the appeal procedures of General Statutes § 10-151(f) were designed to challenge the wrongful termination of a tenured teacher. Therefore, under the doctrine of exhaustion of administrative remedies, a teacher's CT Page 8707 action to challenge a wrongful termination must be brought under the statutory process of General Statutes § 10-151(f), or the court is without subject matter to consider the teacher's action. Id.; see Kolenberg v. Board of Education, 206 Conn. 113,121-22, 536 A.2d 577 (1988) ("[A]ccess to the courts under the Teacher Tenure Act is possible only on appeal of a decision of the board of education. General Statutes § 10-151(f).").
However, in Cahill v. Board of Education, supra,187 Conn. 102-03, the court noted that where the teacher's action does not seek to contest the termination of the teacher's employment contract, but rather seeks to enforce an agreement collateral to the contract for employment, the teacher can enforce those contractual rights through an action brought directly in Superior Count. In Cahill v. Board of Education, supra,187 Conn. 102-03, the plaintiff teacher asserted a breach of contract action regarding an agreement between the plaintiff and the board of education to assign the plaintiff to a particular teaching position, and the court held that the plaintiff's breach of contract action for this agreement was not subject to the administrative procedures of General Statutes § 10-151.
In the present case, as the plaintiff notes, the plaintiff is not seeking to contest the proposed termination of his employment, but rather to enforce a separate agreement between himself and the Mayor, acting as ex officio chairman of the board of education, to postpone the termination proceeding until the resolution of the criminal charges pending against the plaintiff. As framed by the plaintiff, the plaintiff's claim is not a challenge to his termination, which must be brought under General Statutes § 10-151(f). Therefore, the doctrine of exhaustion of administrative remedies does not apply. Accordingly, the defendants' motion to dismiss is denied.
B. Temporary Injunction
As noted above, the plaintiff seeks a temporary injunction to enforce the alleged agreement between the mayor and the plaintiff, and thereby prohibit the board of education from proceeding with the termination of his employment prior to the resolution of the criminal charges.
 "A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law. The allegations and proof are CT Page 8708 conditions precedent to the granting of an injunction. . . . These elements are so crucial that a party's failure to allege and prove them is sufficient ground for sustaining the refusal to grant an injunction . . ." (Citations omitted.) Hartford v. American Arbitration Assn., 174 Conn. 472, 476, 391 A.2d 137
(1978).
Haggerty v. Parniewski, 11 Conn. App. 37, 39, 525 A.2d 984
(1987); see also Walton v. New Hartford, 223 Conn. 155, 165,612 A.2d 1153 (1992).
 "A prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." Waterbury v. Commission on Human Rights Opportunities, 160 Conn. 226, 230, 278 A.2d 771 (1971).
Walton v. New Hartford, supra, 223 Conn. 165; see also Haggertyv. Parniewski, supra, 11 Conn. App. 39. "[D]iscretion is to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impeded or defeat the ends of substantial justice." (Citations omitted; internal quotation marks omitted.) Gelinas v. West Hartford, 225 Conn. 575, 588,626 A.2d 259 (1993).
 [I]n exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction. Moore v. Serafin, 163 Conn. 1, 6, 301 A.2d 238 (1972), and cases cited therein. The relief granted must be compatible with the equities of the case. Moore v. Serafin, [supra, 5]; Gerald Park Improvement Assn., Inc. v. Bini, 138 Conn. 232, 236, 83 A.2d 195 [1951]. Dupuis v. Submarine Base Credit Union, Inc., 170 Conn. 344, 356, 365 A.2d 1093 (1976).
(Internal quotation marks omitted.) Walton v. New Hartford, supra, 223 Conn. 167.
"Our courts have consistently applied a `substantial probability' standard to the issue of irreparable harm in cases involving injunctive relief. . . . See Karls v. AlexandraCT Page 8709Realty Corporation, 179 Conn. 390, 402, 426 A.2d 784 (1980);Silitschanu v. Groesbeck, 12 Conn. App. 57, 65, 529 A.2d 732
(1987), aff'd, 208 Conn. 312, 543 A.2d 737 (1988)." InternationalAssociation of Firefighters, Local 786 v. Serrani,26 Conn. App. 610, 614, 602 A.2d 1067 (1992). "[I]t must appear that there is a substantial probability that but for the issuance of the injunction, the party seeking it will suffer irreparable harm." Id., 614.
In the plaintiff's complaint, he alleges that the board of education's initiation of the termination proceedings against him will result "in irreparable harm from which there exists no adequate remedy at law" (1) because he will lose his right to appeal whether the hearing panel was properly convened; (2) because the initiation of the proceedings would be contrary to public policy expressed in General Statutes §§ 10-151 and 10-220; and (3) because the initiation of the proceedings significantly impacts the plaintiff's tenure, certification and opportunities for future employment.
As to the first ground alleged in the complaint, the plaintiff notes that he raised before the hearing panel the agreement to suspend the termination proceedings, but the hearing panel decided that the agreement went to the issue of arbitrability and, therefore, was beyond the panel's jurisdiction under General Statutes § 10-151(d). The plaintiff argues that he will therefore be precluded from appealing the issue of the authority of the panel to hold the termination hearings, because the panel did not rule on the agreement.
However, this conclusion is incompatible with the language of General Statutes § 10-151(f), which allows a party appealing under General Statutes § 10-151(f) "to introduce evidence in addition to the contents of such transcript [of the hearing], if it appears to the court that additional testimony is necessary for the equitable disposition of the appeal." General Statutes § 10-151(f). The plaintiff made numerous objections on the record before the panel and the record before the board adequately reflects the plaintiff's challenge to its authority. Also, the appeal provisions of General Statutes § 10-151(f) provide for an appeal from the decision of the board of education, not just the hearing panel, which would therefore allow a teacher to contest the board's authority to proceed with the termination proceedings. CT Page 8710
Accordingly, the plaintiff has the right to question the propriety of the proceedings, based on the ground that the hearing was improperly convened. Cf. Cahill v. Board ofEducation, supra, 198 Conn. 241 (plaintiff/teacher was not excused from proceeding with hearing under General Statutes § 10-151(d), notwithstanding teacher's claim that the board was biased, because plaintiff should have made claim of board's bias on record before the board). Therefore, the plaintiff's right to appeal any resulting termination under General Statutes § 10-151 provides him with an adequate remedy at law. See Pet v.Dep't of Health Services, 207 Conn. 346, 370-71, 542 A.2d 672
(1988) (where remedy sought by way of injunction and through administrative hearing are the same, appeal constitutes adequate remedy at law and no injunction should issue).
Furthermore, the plaintiff has failed to sustain his burden of showing, with substantial probability, that absent the injunction he will sustain irreparable harm. On the contrary, the plaintiff has his right of appeal, and his right to pursue his remedy at law to recover any damages, such as lost wages, resulting from the alleged breach of contract which is the basis of the present claim. Also, if the plaintiff can prove that his termination was improper on appeal, then the plaintiff will have a remedy of reinstatement and back pay. See Catino v. Board ofEducation, 174 Conn. 414, 419, 389 A.2d 754 (1978) (where a board of education has improperly dismissed a tenured teacher, the trial court under General Statutes § 10-151(f) has the power to reverse the board and reinstate the teacher with back pay).
In addition, the denial of the injunction is compatible with the equities of the case, considering the injuries complained of by the plaintiff and the injury which will result from the granting of the injunction. If the defendants are enjoined from going forward with the termination proceedings until the resolution of the criminal charges, the City of Waterbury will be forced to pay wages to the plaintiff for the duration of the criminal charges and the suspension, although termination may eventually be proper. The plaintiff, however, is not irreparably harmed by the denial of the injunction, because he has his right of appeal, which may provide for reinstatement, and he has the right to pursue his breach of contract action, by which he can seek damages of back pay for the period of the suspension of the hearing.
Accordingly, the court denies the plaintiff's request for CT Page 8711 an injunction.
SYLVESTER, J.