[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is brought in two counts by the mother of the defendant for payment of a note that was made September 13, 1976. The First Count is a claim for the balance in the amount of $30,610.02, costs and attorney's fees. The Second Count is a claim for unjust enrichment of the same amount.
The history surrounding the execution of this note is interesting but not unusual in family dealings. What makes it unusual is that we have a chasm in a family brought about by an alienation of a mother's feelings because the defendant is suing his brother in another action for personal injuries.
The note has been in existence for 18 years before there was an attempt by the plaintiff mother to collect on a note that this court believes she did not know or realize still existed until her son was sued by his brother, the defendant.
The defendant testified that he had made monthly payments in accordance with the tenor of the note for sixteen months. The note was secured by a mortgage on a condominium owned by the defendant and his former wife. All the money transactions in the plaintiff's family were conducted by her late husband, Morris Fishbein. In January of 1978 the late Morris Fishbein gave to the defendant an envelope with the uncashed sixteen monthly checks. The defendant conducted all his business with his father. The defendant testified that his father forgave the payment of the note at the time. On March 14, 1978 Diane Fishbein quitclaimed the condominium to the defendant. On September 9, 1988 the defendant mortgaged the property. On June 13, 1989 the defendant and Diane Fishbein were divorced. Morris Fishbein died four years before the present action was instituted.
In 1984 Helen Fishbein proceeded to the office of Leon Gross, an attorney in Wallingford, where she executed a release of the mortgage. It is unclear whether Attorney Gross represented the plaintiff or the defendant at the time of the release but in a letter dated June 6, 1994, Gross wrote concerning his surprise to learn that the plaintiff was now claiming payment of the note which was not pressed for sixteen years. (See Exh. 2). Attorney Gross died in 1995. CT Page 5284-YYYYYY
The defendant has briefed two defenses raised by the pleadings in this action: Laches and the Statute of Limitations. With respect to the defense of laches, the defendant argues that the only two persons who could testify regarding the forgiveness of the note other than the defendant is his father or Attorney Gross and by failure to bring suit on the note he has been prejudiced by the loss of witnesses. Also to be noted is the attitude of the plaintiff who does not seek interest or attorney's fees for collection of the note, only the balance due when he stopped payment some sixteen years ago. Such a position by the plaintiff seems inconsistent. The defendant asserts:
 "[W]hen a person fails to enforce his rights until the position of the other party has, in good faith, become so changed that the enforcement of those rights against him would result in serious prejudice, then that delay becomes inequitable and operates as an estoppel to the assertion of those rights." Schiavo v. Schiavo, 2 CSCR 655, 656
(Superior Ct. May 18, 1987), citing 2 Pomeroy, Equity Jurisprudence (5th Ed. 1941) § 419d, pp. 78-79. See also Bozzi v. Bozzi, 177 Conn. 232, 239 n. 3, citing Pomeroy, supra; Papcun v. Papcun, 181 Conn. 618, 620 (1980); Haggerty v. Parniewski, 11 Conn. App. 37, 40 (1987).
The defendant in all his subsequent actions relied upon the belief that the note was either forgiven or released by his father and mother. The defendant did not include the note as a liability. Such an action is consistent with the belief and his testimony that the note had been forgiven by the person who was in control of the loan and its payments.
No payments were made on the promissory note from 1978 to 1984, when the mortgage was released. Under the circumstances of this case if the plaintiff claims an action on a note that was in default since 1978, yet the security was released in 1984, this court finds that the statute bars payment. See Conn. Gen. Stat. § 42a-3-118.
As to the claim under the Second Count in quantum meruit, the plaintiff has failed to meet her burden of proof in that this court finds that the plaintiff did not expect to be paid until she had a falling out with the defendant.
Accordingly, judgment may enter as to the First and Second CT Page 5284-ZZZZZZ Counts in favor of the defendant.
Frank S. Meadow State Trial Referee